## MARTIN v. JENKINS.

1. CLAIM AND DELIVERY—CHATTEL MORTGAGE—PRACTICE.—A second mortgagee, holding a chattel mortgage executed after condition broken of first mortgage, cannot maintain an action in claim and delivery against the purchaser of the chattel from the senior mortgagee after condition broken.

2. IBID.—IBID.—IBID.—A mortgagor executing a second chattel mortgage after condition of first has been broken, thereby only conveys an equity of redemption in the chattel, and such junior mortgagee cannot maintain an action in claim and delivery against the mortgagor, but must bring his suit in equity for an accounting.

Before BUCHANAN, J., Fairfield, March, 1897. Reversed.

Action by William T. Martin against Henry Jenkins and Rufus Robinson. The opinion states the facts. Judgment for plaintiff. Defendants appeal.

*Mr. J. E. McDonald,* for appellants, cites: *As to rights of Jenkins:* 20 S. C., 20, 520; 26 S. C., 112, 336; 32 S. C., 368; 114 Mass., 111; 97 Mass., 37; 49 Me., 34. *As to rights of Robinson:* 116 Mass., 388; 17 N. H., 312; 18 N. H., 300; 36 N. W. R., 513; 15 S. C., 88; 49 Me., 34; 39 Me., 448; 104 Mass., 249; 98 Id., 305; 48 S. C., 405; 26 S. C., 112, 331; 32 S. C., 365; 24 S. C., 18.

*Messrs. Ragsdale & Ragsdale,* contra, cite: 27 L. R. A., 558; 2 S. R., 292; Rev. Stat., 2464; 13 Wis., 172; 49 Me., 34; 107 Mass., 123.

Oct. 20, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was begun in a magistrate's court for the recovery of the possession of a mare

in the possession of defendant, Robinson, and of a mule in the possession of defendant, Jenkins, and this appeal is from the judgment of the Circuit Court affirming the judgment of the magistrate's court in favor of the plaintiff. The plaintiff claimed under a mortgage of said chattels, executed by defendant, Jenkins, to him January 12, 1893, for $139.35, payable October 1st, 1893, which was unsatisfied. Previous to this, however, on December 30th, 1891, Jenkins gave a mortgage on the same property for $67.52, payable October 1st, 1892, to J. F. McMaster & Co., who, for value, assigned the same to McMaster, Brice & Ketchen. Upon this mortgage, a payment of $36.14 had been made, leaving a balance due. In March, 1896, the mortgagor, Jenkins, under instruction from McMaster, Brice & Ketchen, sold the mare to defendant, Robinson, for its full value, $25, which Jenkins received but did not apply to the mortgage. Both mortgages were duly recorded. At the time of the sale to Robinson, Jenkins was living on and working lands of McMaster, Brice & Ketchen. At the time of his purchase of the mare, Robinson had actual notice of the mortgage of McMaster, Brice and Ketchen, and also of the instruction given to Jenkins to dispose of the mare.

After breach of the condition of a mortgage of personal property the legal title to the property mortgaged becomes vested in the mortgagee, subject only to the right of the mortgagor to redeem before sale, or, after sale, to an accounting in equity for the surplus, if any, over the debt secured by the mortgage. *Reese* v. *Lyon*, 20 S. C., 20; *McClendon* v. *Wells*, 20 S. C., 514; *Williams* v. *Dobson*, 26 S. C., 110; *Ex Parte Knobeloch*, 26 S. C., 336; *Ex Parte Lorenz*, 32 S. C., 368; *Wylie* v. *O. R. & C. R. R.*, 48 S. C., 405. In this case, the condition of the mortgaged property of McMaster, Brice & Ketchen had been broken previous to the execution of plaintiff's mortgage. At the time plaintiff took his mortgage, therefore, the absolute title to and right of possession of the mortgaged property were in McMaster, Brice & Ketchen, and hence plaintiff

by his mortgage could acquire no legal title or right of possession to said property such as is essential to maintain this action at law. Plaintiff acquired by his mortgage nothing but a mere equity, such as the mortgagor then had, which could not be enforced in a magistrate's court and in this form of action. *Wylie* v. *O. R. & C. R. R.*, *supra.* McMaster, Brice & Ketchen, after breach of the condition of their mortgage, having absolute title and right of possession, had the right to sell the mare to Robinson, or authorize Jenkins to do so. *Flenniken* v. *Scruggs*, 15 S. C., 91. A sale of the mortgaged property, after forfeiture, by the mortgagee with the mortgagor's consent, or by the mortgagor with the mortgagee's consent, is equivalent to a foreclosure of the equity of redemption. Jones on Chattel Mort., sec. 709. Robinson, therefore, it is very clear, by his purchase, for full value, of the mare from the mortgagor, under instruction to sell by the first mortgagee, is clothed with the title and right of possession held by the first mortgagee; and since the second mortgagee could not bring this form of action against the first mortgagee, neither can he maintain such action against a purchaser under the first mortgage. Jones on Chattel Mort., sec. 496.

As to the mule in the possession of the mortgagor, the question is a closer one. It is stated in Jones on Chattel Mortgages, § 497, that "A second mortgagee is entitled to possession according to the terms of his mortgage against all the world, except the first mortgagee, whose debt remains unpaid, and he may maintain an action for possession as against any one else." To sustain this, the author cites *Newman* v. *Tymeson*, 13 Wis., 172; *Treat* v. *Gilmore*, 49 Me., 34. This may be conceded to be sound, provided the mortgagor at the time of giving the second mortgage had any legal interest which he could convey; but, as shown above, at the time of the execution of the second mortgage, Jenkins had neither title nor right of possession, and could convey only his right to redeem, a mere equity. It cannot be said that Jenkins is estopped,

for he does not dispute plaintiff's right to redeem, which is all he acquired by his mortgage. It would tend to a multiplicity of suits to allow the second mortgagee, under these circumstances, to recover possession of the property from the mortgagor, then allow, as would inevitably have to be done, the first mortgagee to recover possession of the second mortgagee, at last compelling the second mortgagee to bring his suit in equity to redeem, or for an accounting, which he should have resorted to in the first instance. See the case of *Ring* v. *Neale*, 114 Mass., 111; 19 Am. Rep., 316, which support the view of this Court.

The judgment of the Circuit Court, as well as that of the magistrate, is reversed, and the complaint is dismissed.