## 10957

### DICKERSON v. CLELAND

#### (112 S. E. 920)

1. CHATTEL MORTGAGES—JUNIOR MORTGAGEE HAS NO GREATER TITLE THAN THE MORTGAGOR TO POSSESSION AFTER DEFAULT.—After breach of condition of a chattel mortgage, the legal title to the mortgaged property becomes vested in the mortgagee, subject only to the mortgagor's right of redemption, and a junior mortgagee has no higher right than the mortgagor.

2. CHATTEL MORTGAGES—JUNIOR MORTGAGEE CANNOT COMPLAIN 'OF FORECLOSURE SALE, WHERE HE WAS PRESENT AND MADE NO OBJECTION.—A junior mortgagee cannot complain that the two horses covered by the mortgagee were sold at once at foreclosure sale, where he was present and made no objection, but actually bid on the horses.

Before SEASE, J., Oconee, March, 1921. Reversed.

Action in Magistrate's Court by B. A. Dickerson against W. P. Cleland. From judgment for plaintiff, sustained by the Circuit Court, defendant appeals.

*Mr. E. L. Herndon,* for appellant, cites: *On breach of condition, chattel vested in senior mortgagee with right to sell and give good title:* 108 S. C., 206; 51 S. C., 42; 20 S. C., 20; 20 S. C., 514; 26 S. C., 110; 26 S. C., 331; 32 S. C., 368; 48 S. C., 405. *Mortgagor had right to redeem before sale:* 1 Civ. Code 1912, Sec. 4107. *But not after:* 108 S. C., 206; 51 S. C., 42; 37 S. C., 562. *Rights of junior mortgagee same as mortgagor:* 37 S. C., 562. *Rights and liabilities of senior mortgagee after sale:* 20 S. C., 17; 20 S. C., 514; 37 S. C., 562. *No valid tender where check is not for full amount due:* 20 S. C., 514; 108 S. C., 213. *And came too late:* 117 S. C., 60. *Action to redeem or for accounting is only remedy and magistrate has no jurisdiction of equitable action:* 87 S. C., 369; 60 S. C., 103.

*Mr. M. C. Long,* for respondent, cites: *Rights of junior as against senior mortgagee after sale:* 30 S. C., 183; 37 S. C., 586; 51 S. C., 44; 26 S. C., 110; 105 S. C., 142. *Mares should have been sold separately:* 37 S. C., 586.

July 6, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for claim and delivery. The cardinal facts are few and undisputed. G. W. Burdett executed a chattel mortgage to the appellant on two horses. Subsequently he executed a mortgage to the respondent. The appellant, the owner of the senior mortgage, foreclosed his mortgage, and at the foreclosure sale the two horses were sold together. The respondent was present at the sale, made no objection to the sale of the two horses together, but bid at the sale. The appellant bid in the horses, being the highest bidder. Some time after the sale, the respondent offered to pay to the appellant the mortgage debt and the cost of foreclosure and sale. This offer was refused. The respondent brought this action under his second mortgage to recover possession of the horses, and both magistrate and Circuit Judge gave judgment in favor of the second mortgagee. The first mortgagee appeals.

I. In *Martin v. Jenkins,* 51 S. C., 43, 27 S. E., 948, we find:

"After breach of the condition of a mortgage of personal property, the legal title to the property mortgaged becomes vested in the mortgagee, subject only to the right of the mortgagor to redeem before sale, or, after sale, to an accounting in equity for the surplus, if any, over the debt secured by the mortgage."

The junior mortgagee can have no higher right than the mortgagor.

II. Objection is made to the sale of the two horses at once; i. e., as a pair. The respondent was present at the sale, made no objection to the method, and actually bid on them. All parties are estopped.

No other question need be considered.

The judgment is reversed.