GUILLERMO MONTALVO, demandante y apelante, *v.* JORGE LUCAS VALDIVIESO, demandado y apelado.

No. 4322.—*Visto:* Mayo 1, 1928. *Resuelto:* Julio 16, 1928.

*Leopoldo Tormes,* abogado del apelante; *R. V. Pérez Marchand,* abogado del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Se trata de una apelación contra una sentencia de la Corte de Distrito de Ponce, declarando con lugar una moción de *nonsuit,* y declarando sin lugar la demanda.

Guillermo Montalvo demandó ante la Corte de Distrito de Ponce a Jorge Lucas Valdivieso, por indemnización de daños y perjuicios. El demandante alegó, sustancialmente, que era dueño de un automóvil Buick, licencia 1787; y que en ese automóvil iba hacia Yauco, por la carretera, en la noche del 6 de enero de 1926; que en esa noche, y a una hora entre las 9 y las 10, subía el automóvil del demandado, marca Hudson, licencia 5091, guiado por el *chauffeur* Honorio Ubides, al servicio del demandado, quien iba también en el automóvil; que el dicho *chauffeur* guiaba el carro del demandado negligentemente, y le hizo chocar con el del demandante por la parte izquierda y atrás; y que a conse-

cuencia del choque, el automóvil del demandante ha sufrido desperfectos en su *chassis,* máquina y ruedas, y no pudo caminar; que el accidente se debió exclusivamente a la negligencia del *chauffeur* del demandado que, al pasar, no tomó las necesarias precauciones, y chocó; que el demandante ha sufrido perjuicios, como consecuencia del accidente, en una suma de dos mil dollars, por la rotura del carro, pérdida de su tiempo y dinero. La demanda aparece jurada.

El demandado en su contestación admitió que en la hora y noche de que se hace mérito en la demanda él viajaba con otros en su automóvil, de Yauco a Ponce, y que ocurrió un choque entre su automóvil y el Buick, licencia 1787; y negó que se debiera el accidente a negligencia del empleado del demandado, y alegó que se debió únicamente a la falta, impericia y descuido del demandante, quien precipitó el automóvil del demandado por un barranco ocasionándole desperfectos de consideración; negó que el automóvil del demandante sufriera daños que le impidieran caminar; alegó que el choque fué causado por el demandante, que venía a exagerada velocidad; y formuló reconvención por los daños que alegó.

A la reconvención contestó el demandante negando específicamente las alegaciones de la misma.

Celebrado el juicio, y presentada la prueba del demandante, el demandado formuló moción de *nonsuit,* y la corte, en resolución de 2 de agosto de 1926, declaró con lugar tal moción, y dictó sentencia declarando sin lugar la demanda. Contra esta sentencia se interpuso la presente apelación.

El apelante ha señalado los siguientes errores:

"1. La corte inferior cometió error al considerar como no admitido por la contestación del demandado el hecho relativo a la posesión del automóvil Buick No. 1787 en relación al demandante Guillermo Montalvo y al permitir como permitió un interrogatorio impertinente tendente a investigar hechos que no estaban en controversia en relación a cierto seguro de dicho automóvil.

"2. La corte inferior cometió error al considerar que Guillermo Montalvo no tenía derecho o causa de acción contra el demandado

Jorge Lucas Valdivieso por el accidente que ocurrió en 6 de Enero de 1926 relacionado con el automóvil Buick No. 1787.

"3. La corte inferior cometió error al declarar con lugar la moción de *nonsuit* presentada por el demandado y desestimar como desestimó la demanda en el presente caso."

■■ En la contestación a la demanda, y al tratar la alegación segunda de la misma, el demandado dice lo que sigue:

"Segundo. De este hecho de la demanda el demandado sólo acepta que en la fecha y hora de referencia el demandado viajaba con otras personas en un automóvil de su propiedad en dirección de Yauco a Ponce; y acepta también que entre su referido automóvil y el automóvil Buick licencia 1787 del año 25 al 26 ocurrió un choque entre 9 y 10 de la noche del día 6 de Enero de 1926. Pero niega el demandado que el accidente de referencia ocurriese en una cuesta y niega asimismo que el referido accidente ocurriese por negligencia o falta del *chauffeur* del demandado, cuya conducta allí y entonces fué y siempre ha sido de gran cuidado y pericia; y por el contrario alega el demandado que dicho accidente ocurrió única y exclusivamente por la impericia, descuido y falta del demandante, cuya negligente manera de guiar precipitó el automóvil del demandado por un barranco, causándole daños y desperfectos de consideración.

"Tercero. El demandado vuelve a negar que el accidente ocurriera en una cuesta y niega los desperfectos que se alegan sufridos por el automóvil del demandante, así como niega que dicho automóvil quedara en condiciones de no poder caminar, alegando el demandado que, según información y creencia, el referido auto Buick licencia 1787, que no se detuvo para recoger al demandado y a sus compañeros lesionados, marchó por su propia máquina y llegó hasta Yauco después del accidente de referencia."

Y además hay otras frases de la misma clase en las alegaciones cuarta y quinta de la contestación.

El apelante sostiene que el demandado admitió que el automóvil Buick era propiedad del demandante; y que la admisión de prueba en cuanto a esa propiedad fué un error de la corte.

En el récord taquigráfico se observa que, al declarar el

demandante Guillermo Montalvo, y contestando al interrogatorio de su propio abogado dijo lo que sigue:

"Ordenó el mismo policía que tenía que quitar el automóvil de allí porque obstruía el paso y lo llevamos a una calle transversal que hay y lo dejamos en un sitio que no molestaba el tránsito, hasta el otro día que puse un telegrama a la Insular Motor para que mandara repararlo, informándole de lo que me había ocurrido, porque en ese entonces, el día cuatro, se me había vencido un plazo que tenía que pagar y que andaba en diligencias de conseguir el dinero para cubrir el plazo porque tenía que pagar un plazo de unos veinticinco dólares el diez de enero, porque debía ciento veintiocho pesos del automóvil ése a la Insular Motor, porque es en venta condicional que yo lo compré."

Es evidente que el mismo demandante, en su prueba, ha levantado la cuestión de propiedad del automóvil, declarando que lo tenía en venta condicional. Lógicamente, la corte no podía impedir que en el contrainterrogatorio se tratara esta misma cuestión, que surgió del interrogatorio directo. Las objeciones que en ese particular hizo el abogado del demandante, ni eran admisibles, ni estaban en tiempo.

Se va demasiado lejos al afirmar que porque el demandado no hiciera una negación específica de la propiedad del automóvil Buick en el demandante, y redactara sus alegaciones en la forma en que lo ha hecho, y porque en el artículo 132 del Código de Enjuiciamiento Civil se diga que toda alegación esencial de la demanda no impugnada en la contestación, se tendrá por cierta, esto impida al demandado discutir y probar la propiedad, cuando el mismo demandante, en su testimonio directo ha presentado esta cuestión, en forma que no aparecía de su demanda. Si él afirma que el contrato que tenía era de venta condicional, hay que dar efecto a esa declaración, y a esa admisión, contra el mismo que la hace, y estaremos de lleno en la teoría verdadera de las admisiones como elemento de prueba.

■■ Es cierto que el citado artículo de la Ley de Procedimientos, declara que las alegaciones esenciales de la demanda, no impugnadas por el demandado se tendrán por

ciertas. Podría ésta ser una admisión por interpretación (*constructive admission*), acerca de las que se dice lo siguiente:

"Una admisión por interpretación, como el dejar de negar una alegación que puede ser negada, no tiene valor probatorio alguno, aunque en lo necesario para hacer cumplir su fin sea, aun si no se ofrece como prueba, concluyente sobre la controversia específica a que es aplicable la admisión, a menos que o hasta que sea alterada mediante enmienda o en alguna otra forma." 22 C. J. 331.

En el caso *Johnston* v. *City of Los Angeles,* 31 Cal. A 41, 159 Pac. 873, el demandado Carter en una de sus defensas alegó que ciertas tierras estaban incluidas en el título de la ciudad, pero en el juicio abandonó tal contención. Y al resolver la apelación, la corte dijo:

"Se alega que el demandado Carter no puede levantar la cuestión de que la finca no fué incluida en la escritura otorgada entre Griffin y Welsh, por haber afirmado en su contestación que la finca fué incluida. Es cierto que en una de sus defensas Carter hizo esa alegación pero expresamente abandonó y rechazó tal contención durante la vista y por consiguiente creemos que esa alegación no puede ser considerada como una admisión del hecho controvertido."

En ese caso se trataba de una alegación con admisión expresa.

Esta cuestión puede ser planteada y resuelta en términos sencillos y de elemental lógica. En esta clase de admisiones, si pueden tener realmente ese nombre, es un elemento indispensable la existencia de la alegación a la que no se ha presentado impugnación alguna. Pero si esa alegación desaparece, la admisión que sobre ellas se sustentaba, desaparece también; falta la base y falta la consecuencia. Así, la alegación de propiedad no impugnada, da lugar a la admisión procesal de que se trata; pero si la alegación desaparece, arrastra con ella la admisión.

Con vista de la jurisprudencia, entendemos que la posición del demandante pudo quizá ser sólida, si él mismo no hubiera presentado la cuestión de la existencia de un con-

trato de venta condicional. Él la promovió, y no puede quejarse de que el demandado fuera a encontrarle en ese terreno.

Pudo la corte admitir la prueba, máxime cuando ella nació de la declaración del mismo demandante, que no se limitó a decir lo que queda copiado, sino que insistió, en el período de repreguntas, en declarar que su contrato fué de venta condicional (página 95 y 98 del récord taquigráfico).

■ En cuanto al segundo señalamiento de error, consiste, como se ha dicho, en que la corte erró al declarar que Guillermo Montalvo no tenía derecho o causa de acción contra el demandado Valdivieso, por razón del accidente a que se refiere la demanda.

La lectura de la resolución de la corte inferior, en cuanto a la moción de *nonsuit,* nos ofrece el problema del caso con la mayor claridad posible. La corte expresa allí que si el demandante Montalvo ha alegado que el automóvil Buick que sufrió los daños era de su propiedad, ha debido probar tal propiedad, y que el carro era suyo por virtud de prórrogas escritas de su contrato, vencido unos días antes del accidente, y que el automóvil estaba vendido a Montalvo condicionalmente por la Insular Motor Corporation, la que podía proceder contra Valdivieso por daños al automóvil marca Buick, licencia No. 1787, del que se trata en este litigio; y que el caso no se había instado y seguido en nombre de la parte realmente interesada, porque el demandante ha declarado que el automóvil no es suyo.

Hay un error de importancia en esa apreciación de la corte. El demandante declaró que el automóvil de que se trata fué por él acquirido en venta condicional, y que le faltaba algo por pagar. Pero la conclusión que de esto extrae la corte, o sea que el demandante declaró que el carro no era suyo, no es la acertada. Para la corte era, y es, extraer consecuencias de la prueba; pero lo que pueda decir el testigo no es más que materia de hecho, y no de apreciación legal.

La Ley No. 61 de 1916, estableció el sistema de las llamadas ventas condicionales. En realidad, lo que en estas ventas sucede es que se hallan afectadas por una condición resolutoria, ya que si no se paga el precio convenido, no pasa la propiedad absoluta de los bienes vendidos al comprador. El artículo 6 de esa ley dice así:

"Siempre que se vendan artículos bajo condición de que el título de propiedad de los mismos será retenido por el vendedor, o por cualquiera otra persona que no sea el comprador, hasta que se verifique el pago del precio de compra, o hasta que ocurra un futuro evento o contingencia, los mismos podrán ser recuperados por el vendedor o su cesionario, al faltarse al cumplimiento de las condiciones de venta, y en dicho caso aquéllos serán retenidos por un período de treinta (30) días contados desde la fecha en que se hubieren recuperado y durante dicho período el comprador o su cesionario, podrán dar cumplimiento a los términos de contrato y subsiguientemente recibir dichos bienes. Después que expirare dicho plazo, si no se diere cumplimiento a los términos, el vendedor, o su cesionario, podrá hacer vender dichos artículos en pública subasta. A menos que dichos artículos sean vendidos dentro de los treinta (30) días subsiguientes a la fecha en que hubiere expirado dicho plazo, el comprador o su cesionario podrá recuperar del vendedor la cantidad pagada a cuenta de dichos artículos por el comprador o su cesionario de acuerdo con el contrato para la venta condicional de los mismos, menos una carga razonable por el uso de dichos artículos durante el tiempo en que éstos estuvieren en poder del comprador condicional, o de su cesionario."

En la situación creada por una venta hecha de acuerdo con esta ley, el comprador es un verdadero dueño de los bienes comprados, pero en un dominio sujeto a desaparición por medio de la resolución, o sea por el acaecimiento del suceso que constituye la condición del contrato.

El Código Civil vigente en Puerto Rico, al referirse a las obligaciones condicionales, en los artículos que se van a citar, estatuye lo que sigue:

"Art. 1081.—En las obligaciones condicionales la adquisición de los derechos así como la resolución o pérdida de los ya adquiridos, dependerá del acontecimiento que constituya la condición."

Y en el párrafo segundo del artículo 1080, tratando directamente de la condición resolutoria, ha dicho el mismo código:

"También será exigible toda obligación que contenga condición resolutoria, sin perjuicio de los efectos de la resolución."

En una venta con condición resolutoria la propiedad de los bienes vendidos pasa al comprador, quedando solamente al vendedor el derecho de resolver, de destruir, jurídicamente, la venta, en el caso de que la condición no se cumpla. En realidad, en la venta hecha bajo el pacto de retracto convencional, no hay otra cosa que la imposición de una condición resolutoria, por virtud de la que la devolución del precio recibido, con los gastos de que trata el artículo 1421 del Código Civil, resuelve el contrato de compraventa, volviendo las cosas al estado en que se hallaban antes de aquel contrato. Algún eminente tratadista entiende que ese pacto no es un verdadero retracto, sino simplemente una compraventa con condición resolutoria. Y en la sentencia del Tribunal Supremo de España de fecha 22 de julio de 1910 se ha dicho que ese pacto equivale a una condición resolutoria, cuyo incumplimiento repone las cosas al estado que tendrían si la venta no se hubiere verificado.

Algo análogo ocurre en las donaciones en que se establece el derecho de reversión (art. 649 del Código Civil ya citado), cuyo derecho es idéntico al *droit de retour* (derecho de devolución) del artículo 951 del Código Civil francés, si bien en este caso particular el derecho se limita solamente al beneficio del donante.

En Louisiana se ha definido la naturaleza y esencia de las condiciones, en particular en la decisión en el caso *Moss* v. *Smoker,* 2 La. Ann. 990, donde se ha dicho:

"Una obligación condicional es aquella que se hace depender de un acontecimiento incierto. Si la obligación no ha de producir efecto hasta que el acontecimiento ocurra, la condición es suspensiva; si la obligación produce efecto inmediatamente, pero es susceptible de ex-

tinción cuando el acontecimiento ocurra, entonces la condición es resolutoria.''

En la jurisprudencia de algunos Estados, y con relación a los efectos de la venta condicional, se encuentran declaraciones de gran importancia legal.

En el caso *Criez* v. *Sunset Motor Co.*, 123 Wash. 604, 213 Pac. 7, se ha sostenido que el comprador condicional de un automóvil no se halla impedido de recobrar el completo importe de los daños por destrucción por negligencia, por el hecho de que el carro estuviera asegurado por el vendedor, y el importe cobrado sobre la póliza fuera acreditado al precio del contrato. Y en el caso *Stotts* v. *Puget Sound Traction, Light and Power Co.*, 94 Wash. 339, 162 Pac. 519, se sostuvo que el comprador puede sostener una acción por daños por negligencia, no obstante el hecho de que el estatuto requiera que las acciones deben ejercitarse en el nombre de la parte realmente interesada. Y aun el hecho de que el vendedor condicional tomare posesión de la propiedad vendida, después del daño y por falta de pago del comprador, no cambia la regla, según se dice en el caso *Miller* v. *Des Moines City Railway Co.*, 196 Iowa 1033, 195 N. W. 600.

Como se ve de las citas que preceden, la regla es clara.

El Tribunal Supremo de España, en una sentencia de 13 de diciembre de 1911, ha sostenido que la cláusula de un contrato que dejaba en suspenso la adquisición del dominio, por no ser materia del aludido contrato que tiene sus caracteres, condiciones y efectos señalados en la ley, no puede desnaturalizarlo, y hay que convenir en que estableció, no una limitación del dominio, y sí una especie de prenda o garantía para asegurar el total cobro del precio.

En sentencia de 3 de julio de 1902, ha mantenido el Tribunal Supremo de España que en las obligaciones condicionales existe la convención desde que se otorga por mutuo consentimiento de las partes para cuando ocurra el caso a que la condición se refiera y una vez cumplida ésta pueden

hacerse aquellas obligaciones efectivas, *y se retrotraen sus efectos al día de su constitución* (itálicas nuestras). Éste es también el texto del artículo 1087 de nuestro Código Civil, en cuyo primer párrafo se establece la retroactividad de los efectos de la obligación condicional, cuando la condición se cumple.

Como un aspecto práctico de las ventas condicionales y sus efectos, es de conveniencia recordar que en las ventas condicionales de automóviles en Puerto Rico, el comprador condicional paga los gastos y primas del seguro, la licencia y la contribución del automóvil. Se halla, por tanto, en el caso de cumplir todos los deberes del dueño o propietario del carro. Y es que, legal y prácticamente, es el dueño, con el riesgo de que su dominio se extinga si no cumple la condición de pagar lo convenido. Pero ésta es una relación jurídica exclusiva entre el comprador y el vendedor, ya que nadie que no sea el vendedor puede ejercer el derecho de hacer cesar aquel dominio.

Siendo esto así, Guillermo Montalvo, aun habiendo comprado en venta condicional, puede ejercitar la acción por daños que en este caso ejercitó, y la demanda está presentada y el procedimiento seguido en nombre de la parte realmente interesada. Está bien señalado el error bajo el número 2 del alegato del apelante; y debe sostenerse que existe el mismo.

Resuelto así el segundo señalamiento, el que aparece bajo el número 3 se sostiene por razones análogas.

El caso fué resuelto por la Corte de Distrito de Ponce, a virtud de moción de *nonsuit*. Por esta razón entendemos que la revocación debe hacerse devolviendo el caso para ulteriores procedimientos no incompatibles con esta opinión.

La sentencia apelada debe *revocarse, devolviendo el caso para ulteriores procedimientos* no incompatibles con esta opinión.