EUTRONIO SANTONI, demandante y apelado, *v.* THE PORTO RICAN AND AMERICAN INSURANCE Co., demandada y apelante.

No. 5269.—*Sometido:* Febrero 3, 1931. *Resuelto:* Abril 29, 1932.

*Oscar Souffront*, abogado de la apelante; *García Méndez & García Méndez*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Eutronio Santoni obtuvo sentencia contra la Porto Rican & American Insurance Co. por concepto de una póliza que aseguró contra colisión un automóvil adquirido por él en venta condicional. No obstante el hecho de que la póliza de seguro exigía una aseveración o aviso respecto a si el automóvil había sido pagado en su totalidad, la Corte de

Distrito de Aguadilla resolvió que la aseguradora tenía conocimiento de la compra condicional, o que renunció la necesidad de un aviso.

■■ En su primer señalamiento de error, la demandada ataca esta conclusión. La cláusula de referencia de dicho contrato leía así:

"El asegurado por el presente garantiza, que todos los automóviles cubiertos por este convenio, son de su propiedad y han sido totalmente pagados, y que no están hipotecados ni gravados."

No tenemos duda de que la póliza contenía la garantía de que el automóvil había sido pagado totalmente. Por consiguiente, no importa que Santoni tuviera un interés asegurable o un título revocable en el automóvil y que, por tanto tuviera derecho a asegurar. Casos como el de *Montalvo* v. *Valdivieso,* 38 D.P.R. 545, no son aplicables. Sucedió, según declaró la corte, que al tomarse la póliza, el hermano del demandante manifestó a un empleado de los agentes de la demandada que el automóvil había sido adquirido en venta condicional.

■■ Convenimos con la apelante que ésa era prueba oral que trataba de variar los términos de un contrato escrito. Artículo 25, Ley de Evidencia; *Insurance Co.* v. *Mowry,* 96 U.S. 544.

La póliza también contenía la disposición de que sus condiciones no podían ser renunciadas, salvo por endoso. No se trató de hacer nada de esto.

No nos detendremos a discutir la posibilidad de que el empleado no estaba autorizado para renunciar una condición de la póliza, máxime cuando todas las conversaciones anteriores se consideran fundidas en el contrato.

El conocimiento o la conducta de la compañía después del accidente no se retrotraía a la póliza en tal forma que destruyera o afectara la garantía.

Tampoco estaba la compañía impedida (*estopped*) por no haber devuelto la prima.

*Debe revocarse la sentencia y declararse sin lugar la demanda.*

El Juez Asociado Señor Córdova Dávila no intervino.