MANUEL RUBIO SALINAS, demandante y apelante, *v.* SALVADOR R. NIN, INC., demandada y apelada.

No. 5942.—*Sometido:* Abril 10, 1934. *Resuelto:* Julio 26, 1935.

*Diego O. Marrero* y *Alejandro Lamour,* abogados del apelante; *Wilson P. Colberg* y *Antonio R. Barceló, Jr.,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal. Copiamos de la opinión de la corte inferior como sigue:

''Manuel Rubio Salinas compró a Salvador R. Nin Inc. una pianola marca 'Milton' bajo contrato de venta condicional y por el convenido precio de $1,500 y en pago parcial de precio, al entregársele la pianola 'Milton' el comprador entregó a la vendedora una pianola 'Howard' que la vendedora aceptó por valor de $600 y

además $30 en efectivo, que hace un total de $630, quedando un balance a favor de la vendedora montante a $870 que se pagarían por el comprador a razón de $30 mensuales. Con posterioridad a la entrega el comprador hizo pagos mensuales por valor de $360, quedando un saldo a favor de la vendedora por la cantidad de $510. Cuando sólo se debía esta cantidad, o sea $510, la pianola Milton, juntamente con otros muebles del comprador condicional, fué totalmente destruída por un incendio, sin culpa alguna por parte del comprador. La pianola, al igual que otros muebles del comprador condicional, había sido asegurada contra incendio y al ocurrir el siniestro el asegurado presentó su notificación a la compañía aseguradora y oportunamente archivó también su *'proof of loss'* y las facturas y comprobantes que le exigió la aseguradora en relación con los muebles destruídos por el incendio. En la lista que presentó el demandante contentiva de los muebles destruídos por el incendio, se halla la pianola 'Milton'. Mientras el demandante gestionaba el cobro de su póliza, la vendedora, Salvador R. Nin Inc., hacía gestiones con el comprador para que le pagase los $510 que como resto del precio le estaba adeudando. Las gestiones de la vendedora culminaron en el embargo de la póliza cuyo cobro gestionaba el ahora demandante y enterado éste del embargo, se vió precisado a hacer un arreglo con la vendedora y satisfacer los $510 que le adeudaba. El demandante cobró su póliza y aunque no le pagaron todo lo que reclamaba, le pagaron por concepto de la pianola una cantidad proporcional, es decir, rebajaron un 30 por ciento de la totalidad de la cantidad reclamada por todos los muebles.

"El contrato de venta condicional contiene dos cláusulas, sobre las cuales gira toda la controversia en este caso, las que para mejor comprensión del caso transcribimos a continuación. Dichas cláusulas dicen así:

" '1º.—Que los mencionados efectos quedan de la propiedad absoluta de los vendedores, sus herederos, cesionarios o causahabientes, hasta que el comprador haya satisfecho el importe total de los plazos arriba estipulados y hasta que haya cumplido todas y cada una de las condiciones a cuyo cumplimiento se hubiere obligado mediante este contrato, siendo, únicamente entonces, que dichos efectos pasarán a ser de la propiedad del comprador.

" ' . . . . . . . . . . . . . .

"6º.—Que si los vendedores, o sus sucesores, no hicieren uso del derecho que les confiere la cláusula número 5 de este contrato, en el término estipulado en la misma, entonces, dichos vendedores

o sus sucesores quedarán obligados a hacerse cargo de los efectos en cuestión, descontando del importe total de los plazos que el comprador o sus sucesores hubieren pagado, la cantidad que resulte de un cargo de $30 por cada mes que dichos efectos hubieren estado en poder del comprador, o sus sucesores, entendiéndose que una fracción de quince días o menos no se contará y que toda fracción de más de quince días se contará por un mes; y entendiéndose además que este cargo se ha convenido por ambas partes como justo y razonable por el uso de tales efectos.'

"Con estos hechos por base, el demandante, Manuel Rubio Salinas, ha formulado su demanda que consta de dos causas de acción. Por la primera solicita que la demandada sea condenada a devolverle la cantidad de $540, o sea la diferencia entre la cantidad total pagada por el demandante, $990 y $450 que es el valor del uso de la pianola durante quince meses que la tuvo el comprador, a razón de $30 mensuales, fundándose para ello el demandante en lo dispuesto en la cláusula 6ª. antes transcrita.

"Por la segunda causa de acción solicita el demandante que la demandada sea condenada a devolverle los $510 que le pagó indebidamente después de haberse destruído la pianola. Se pretende que tal pago se hizo por error y la alegación con respecto a las causas por las cuales hizo el pago son las siguientes:

" 'Que el demandante por inadvertencia, error y obligado por las circunstancias apremiantes de penuria en que se encontraba con motivo del incendio a que antes se ha hecho referencia, al ver trabar embargo sobre su póliza de seguro que cubría riesgos de dicho incendio fué obligado a verificar el pago de la referida suma de $510 sin perjuicio de poder ejercitar en cualquier momento la acción correspondiente para cobrar la cantidad que indebidamente pagó a la demandada.' (Párrafo cuarto, Segunda Causa de Acción).

"Estudiemos separadamente las dos causas de acción. La primera, como antes hemos dicho, pretende fundarla el demandante en la cláusula sexta del contrato. De una simple lectura de dicha cláusula, se verá claramente que el vendedor se reserva dos recursos para el caso en que el comprador no cumpla con los términos del contrato. El primer recurso es el ordinario que le concede la ley sobre ventas condicionales, expresado en la cláusula quinta del contrato, o sea incautarse del objeto vendido, retenerlo por espacio de treinta días y después venderlo en pública subasta para con su producto pagarse los plazos adeudados por el comprador, más el importe total de los gastos ocasionados por retirar, almacenar y vender el objeto, incluyendo honorarios de abogado si los hubiere.

"El segundo recurso que se reserva el vendedor es el expresado en la cláusula sexta, o sea no seguir el procedimiento indicado en el párrafo anterior, y en su lugar descontar del importe total de los plazos que el comprador o sus sucesores hubieren pagado, la cantidad que resulte de un cargo de $30 por cada mes que los efectos hubieren estado en poder del comprador o sus sucesores.

"Los hechos de este caso no justifican la aplicación del recurso que se reserva el vendedor en la cláusula sexta del contrato. El comprador en el presente caso no ha dejado de pagar los plazos a que venía obligado ni mucho menos se ha incautado el vendedor del objeto vendido. El objeto vendido fué destruído sin culpa del vendedor, y no existiendo no puede el vendedor incautarse del mismo y retenerlo. No aparece en el contrato ninguna cláusula que disponga que en caso de destruirse la pianola la vendedora estaría obligada a devolver suma alguna al comprador condicional y de interpretar la cláusula sexta en la forma que pretende hacerlo el demandante, equivaldría a incluir en el contrato una condición que no convinieron las partes, y los tribunales no tienen facultades para ello. Este principio de derecho lo expone con toda claridad el Código Civil cuando tratando de la interpretación de los contratos dice:

" 'Art. 1250.—Cualquiera que sea la generalidad de los términos de un contrato, no deberán entenderse comprendidos en él cosas distintas y casos diferentes de aquellos sobre que los interesados se propusieron contratar.'

"Por las razones expuestas debe desestimarse la demanda en cuanto a la primera causa de acción.

"La segunda causa de acción que la titula el demandante sobre cobro de lo indebido, debe regularse por el artículo 1796 del Código Civil Revisado, idéntico al 1895 del Código Civil Español, que dice así:

" 'Art. 1796.—Cuando se recibe alguna cosa que no había derecho a cobrar, y que por error ha sido indebidamente entregada, surge la obligación de restituirla.'

"De acuerdo con este precepto, para que exista el cuasi contrato del cobro de lo indebido, deben existir dos condiciones:

"1.—Que la persona que recibió la cosa no tenía derecho a cobrarla.

"2.—Que la cosa haya sido indebidamente entregada *por error*.

"Y de acuerdo con la jurisprudencia, tanto española como americana, el error debe ser de hecho y nunca error de derecho.

" . . . . . . . . . . .

"La prueba del demandante no nos ha demostrado la existencia

del primer requisito indispensable para que proceda la acción del cobro de lo indebido. Sostenemos por el contrario, que la prueba demuestra que la demandada tenía derecho a cobrar los $510 que cobró al demandante y éste le pagó."

Entonces la corte cita del caso de *Montalvo* v. *Valdivieso*, 38 D.P.R. 545, 552, y continúa diciendo:

"Si como dice nuestro Tribunal Supremo, en una venta de esta clase, los bienes vendidos pasan al comprador, quedando solamente al vendedor el derecho de resolver la venta en caso de que la condición no se cumpla, entonces al destruirse la cosa vendida antes de resolverse la venta, es de perfecta aplicación la antigua máxima legal que dice: 'Re perit domino,' o sea 'la cosa perece para su dueño.'

"La situación jurídica del comprador es la misma que la de aquel que compra a crédito una cosa y después de hecha la entrega y antes de terminar de pagar el precio, se destruye la cosa. A nadie se le ocurriría pensar que por el hecho de haberse destruído la cosa vendida antes de completarse el pago del precio cesaría la obligación del comprador de pagar el resto del precio.

"A la misma conclusión han llegado los tribunales americanos aunque por distinto razonamiento, interpretando preceptos análogos a los de nuestra ley sobre contratos de ventas condicionales. (Hace citas).

" . : . . . . . . . . . .

"Tampoco puede decirse que el demandante hizo el pago por error de hecho, ni siquiera por error de derecho. De acuerdo con el párrafo cuarto de la segunda causa de acción, cuyo párrafo hemos transcrito en esta opinión, el demandante alega que hizo el pago 'por inadvertencia, error *y obligado por las circunstancias apremiantes de penuria en que se encontraba con motivo del incendio*' a que antes se ha hecho referencia, al ver trabar embargo sobre su póliza de seguro que cubría riesgos de dicho incendio, fué obligado a verificar el pago de la referida suma de $510 sin perjuicio de poder ejercitar en cualquier momento la acción correspondiente para cobrar la cantidad que indebidamente pagó a la demandada.

"No hay ni el más ligero indicio de prueba tendente a demostrar que el demandante al tiempo de verificar el pago se reservase el derecho de recobrarlo más tarde por medio de una acción judicial o en cualquiera otra forma.

"A propósito de las alegaciones del demandante **en relación con**

las causas que motivaron el pago, ha dicho el Tribunal Supremo de España:

" 'De ahí se sigue que cuando el pago indebido se efectúa a sabiendas de que el supuesto acreedor no tenía derecho a percibirlo, por pura liberalidad, por no quedar incurso en responsabilidades generadoras de otros perjuicios, por fuerza mayor, por acciones o amenazas, sale el hecho de la esfera propia del cuasi contrato, para entrar de lleno en otro orden de relaciones jurídicas.' Sentencia de 20 de marzo de 1911.

"Con lo expuesto queda demostrado que no existe el segundo requisito exigido por el Art. 1796 del Código Civil, es decir, que el pago haya sido hecho por error.

"Hay además en este caso una circunstancia que a nuestro juicio sería suficiente para declarar sin lugar la demanda en todas sus partes y es el hecho de que el demandante aseguró la pianola, hizo la correspondiente reclamación a la compañía aseguradora y cobró el seguro de la misma, asumiendo, desde luego, en todos los momentos, que era el dueño o propietario de la cosa asegurada. La pianola debía perderla la vendedora, según pretende el demandante, pero si aquélla debía perderla, entonces ¿por qué la aseguraba a su nombre? ¿Por qué cobró el seguro sobre la misma y se apropió su importe? Esta actitud del demandante es inconsistente con la acción que ahora ejercita. No puede alegar que la pianola era de la propiedad de la demandante (sic) para pedir que se le devuelva el precio pagado por la misma y al mismo tiempo alegar ante la compañía de seguro que la pianola era de su propiedad a los efectos de cobrar el seguro.

"Por todo lo cual, procede en este caso una sentencia declarando sin lugar la demanda, con costas al demandante."

Estamos de acuerdo con las consideraciones generales de la opinión citada.

██ Habíamos abrigado la esperanza de definir un poco más claramente la posición de las partes bajo una venta condicional en Puerto Rico. Sin embargo, estamos convencidos, de conformidad con el caso de *Montalvo* v. *Valdivieso,* 38 D.P.R. 545, con los otros casos que le siguen, y con el reciente caso de *El Pueblo* v. *Flores,* ante, pág. 589 que el título de los bienes comprados en venta condicional pasa al adquirente sujeto a una condición resolutoria. Según indica la apelada, existe algún conflicto de autoridades, pero

la mejor regla parece ser, bajo las circunstancias expuestas, que cuando propiedad sujeta a venta condicional es destruída por incendio el adquirente debe sufrir la pérdida. En el presente caso el comprador recobró de la compañía de seguros el precio de la pianola menos una rebaja de poca importancia. No fué meramente el importe pagado al vendedor lo que él recobró, sino el valor total de la propiedad destruída, menos una rebaja hecha por la compañía aseguradora.

El comprador demandante alega haber pagado al vendedor en este caso bajo un error de hecho; que el vendedor le embargó una póliza de seguro y ante tal presión se sintió obligado a pagar. De conformidad con las autoridades citadas por la corte inferior, y por nuestra propia impresión, no vacilamos en decir que éste no fué un pago efectuado bajo un error de hecho, sino lo que debe calificarse de un pago voluntario. No vemos que haya habido ningún error de hecho, toda vez que el comprador, si estaba en lo cierto, podía oponerse con éxito al embargo.

Por tanto, no importaría que alguno de los pronunciamientos de la corte inferior fuesen erróneos, suponiendo que en realidad lo sean.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.