·19876

CHRYSLER CREDIT CORPORATION, Respondent v. STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
Appellant.

(207 S. E. (2d) 806)

*Messrs. Wyche, Burgess, Freeman & Parham,* of Greenville, *for Appellant,*

*Messrs. McDonald, Cox & Stilwell,* of Greenville, *for Respondent,*

August 12, 1974.

LEWIS, Justice:

The question to be decided is whether the vesting of title to a mortgaged automobile in the lienholder, by operation of law, and the delivery of possession of the vehicle to him, because of default in the mortgage payments, constituted such a "change of interest or ownership" as required the lienholder to notify the insurer of the vehicle of such facts, within the meaning of the following policy provision, particularly the emphasized portion thereof:

5. Lienholder: If a mortgage owner, conditional vendor, or assignee is named in the exceptions, loss, if any, under coverage D, F and G shall be payable to the named insured and to such additional interest as such interest may appear, and this insurance as to such additional interest shall not be invalidated by any act or negligence of the mortgagor or owner, nor by any change in title or ownership, nor by any error or inadvertence in the description of the motor vehicle until after notice of termination of the policy shall be given to such mortgage owner, conditional vendor, mortgagee or assignee stating when not less than ten days thereafter such termination shall be effective; *provided, the lienholder shall*

*notify the company within 10 days of any change of interest or ownership which shall come to the knowledge of said lienholder and failure to do so will render this policy null and void.* (Emphasis added.)

The facts are undisputed. One John D. Davis purchased a 1970 Plymouth automobile from Dalton Giles Motors, Inc., on October 9, 1970. The purchase was financed under a retail installment contract (chattel mortgage) between Giles and Davis. This contract was purchased immediately by plaintiff-respondent, Chrysler Credit Corporation. Davis was required under the contract to procure insurance covering the automobile and such a policy was procured from defendant-appellant, State Farm Mutual Auto Insurance Company, designating Chrysler as the lienholder and loss payee.

Installments were paid by Davis under the foregoing contract through June 21, 1971. No further payments were made by him after June 21st and he notified Chrysler on August 6, 1971 that he was unable to continue making payments on the Plymouth. As a result of this notice, Chrysler instructed Davis to return the automobile to the seller, Giles. Accordingly, Davis delivered the Plymouth to Giles on August 7, 1971, together with the keys and registration card to the vehicle.

After confirming the delivery of the automobile to Giles, Chrysler advised its home office of the fact on August 18, 1971 and, on the same day, notified Davis by registered mail of its intention to dispose of the vehicle by public sale on August 31, 1971. Davis was granted a ten (10) day period from the date of notice of sale in which to redeem the automobile. Before this ten (10) day period had elapsed the Plymouth automobile was stolen from the lot of Giles. The theft occurred either on the night of August 25th or the early morning hours of August 26, 1971.

It is agreed that State Farm, the insurer, was never notified by Chrysler, the lienholder, of the return of the insured

vehicle to it or the circumstances surrounding the relinquishment of possession by Davis, the owner.

The quoted policy provision requires the lienholder to notify the insurer within ten days of any "change of interest or ownership" in the insured vehicle and failure to do so will render the policy null and void. State Farm denied liability upon the ground that Chrysler had breached this condition of the policy by failing to give notice of the default by Davis and the return of the vehicle to the dealer. Appellant contended that, under South Carolina law as set forth in *Martin v. Jenkins*, 51 S. C. 42, 27 S. E. 947 and *Dickerson v. Cleland*, 120 S. C. 221, 112 S. E. 920, the failure of Davis to make the installment payments due under the installment contract or security agreement constituted a breach of the conditions thereof so as to pass title to the mortgaged automobile to Chrysler, the lienholder. It was argued that such change of title by operation of law and the subsequent relinquishment of possession of the automobile by the owner constituted *a change of ownership or interest* within the meaning of the policy provision, so as to require Chrysler to notify appellant of such facts.

The lower court, to whom all issues were submitted for decision, rejected the above contention and held that there had been no change of ownership or interest in the mortgaged automobile within the meaning of the policy provision. The decision was based upon the ground, among others, that the policy provision was inapplicable to a change of possession from mortgagor to mortgagee incident to foreclosure of the lien. State Farm has appealed. The lower court correctly held that the notice provisions of the quoted mortgagee clause were inapplicable to the present facts.

Although, by operation of law, legal title may have technically passed to Chrysler, the lienholder, upon breach of the conditions of the mortgage or security agreement, such did not divest the mortgagor of all interest in the mortgaged automobile. While Chrysler also took possession of the property after default, which it had a legal

right to do in foreclosing its lien (*Stokes v. Liverpool & London & Globe Ins. Co.*, 130 S. C. 521, 126 S. E. 649), it did so as lienholder and its possession and interest were subject, at all pertinent times, to the right of the owner to redeem. *General Motors Acceptance Corporation v. Hanahan*, 146 S. C. 257, 143 S. E. 820.

Therefore, both Chrysler and the owner still held insurable interests in the property; Chrysler by virtue of its lien and the owner under his equity of redemption. No third party or stranger had obtained any interest in the property; and only the interests of the lienholder and owner were involved, both of which had been approved when the policy was written.

The insured interest of the lienholder at the time of the loss was, in effect, the same as that on the date the insurance policy was issued. The sole purpose of the mortgagee clause was to insure the security interest of the lienholder in the automobile. This interest continues until the amount of the indebtedness is paid. The indebtedness had not been paid when the automobile was stolen and it was not extinguished in this case by any transfer of legal title or possession to the lienholder. The change of title and possession was between the lienholder and the owner, and resulted solely from the breach of the conditions of the mortgage or security agreement by the mortgagor and the exercise of the lienholder's rights to foreclose the lien and apply the proceeds from the sale of the vehicle to the satisfaction of the debt. Such facts did not constitute a *change of interest* justifying the forfeiture of the policy.

Neither was there a *change of ownership* within the meaning of the policy provision. The contention of State Farm is, in effect, that upon default in any condition of the mortgage or security agreement the policy would become null and void unless the lienholder notified the insurance company of such default and the consequent vesting of title in the lienholder by operation of law. We find nothing in the

language of the policy provision to warrant such construction.

When State Farm issued the policy of insurance, thereby approving the mortgagor and the mortgagee, it must be presumed that it did so in contemplation of the legal incidents arising from the relationship of mortgagor and mortgagee. One of these incidents was that, upon default by the mortgagor in any of the conditions of the mortgage, title would immediately vest in the mortgagee by operation of law, entitling it to immediate possession of the property in the protection and foreclosure of its lien. If State Farm desired to except conditions arising from the natural and legal incidents of the relationship of the interests it insured, it should have done so. In the absence of such specific exceptions, we are not justified in reading into the language used the strained construction now sought. See: *Anderson v. United States Fire Insurance Co.*, 57 N. D. 462, 222 N. W. 609, 614.

We therefore hold that the "change of interest or ownership" referred to in the policy provision was not intended to apply to changes in title by operation of law resulting from default in the conditions of the chattel mortgage or security agreement or to possession obtained by the lienholder in the exercise of the right to sell the security in satisfaction of the indebtedness.

This is in accord with the general rule that such mortgagee clauses apply to transfers to a third person and not to changes of interest or ownership between the mortgagor and mortgagee incident to foreclosure. "This conclusion is based upon the theory that the conveyance or transfer contemplated by the policy is one to a person who, by the terms of the policy, is not himself already insured thereby." Couch on Insurance (2d), Section 42:730.

While appellant argues that prejudice resulted to it from the transfer of possession of the automobile to the lienholder, the lower court has found otherwise.

This factual finding has support in the record and is, therefore, binding on appeal in this action at law.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.