FIRST WESTCHESTER NATIONAL BANK OF NEW ROCHELLE, Respondent, *v.* NEW ENGLAND INSURANCE Co., Appellant.

Second Department, July 13, 1960.

*Mizell Wilson Jr.,* for appellant.

*John M. Doyle* for respondent.

CHRIST, J.  Summary judgment was granted to respondent on the second cause of action in the amended complaint, which was for recovery upon the " Collision or Upset " coverage in an automobile insurance policy.  The pertinent facts are undisputed.  The policy had been issued by appellant on August 8, 1951, for a three-year term, with respect to an automobile which was on that day bought by one Sheldon with financing furnished by respondent.  Respondent bases its right to recover on the fact that it held a mortgage on the automobile at the time of the loss and that it was named as a " Loss Payee " in the policy. The insurance had been procured in accordance with a provision in the mortgage requiring Sheldon to keep the automobile insured against " collision for the benefit of the mortgagee."

On August 8, 1953, an employee of respondent's "repossession agent " took possession of the automobile in Pennsylvania, on behalf of respondent as mortgagee, because of Sheldon's failure to make some of the monthly payments due on the promissory note and mortgage which Sheldon had given respondent.  While the car was being driven to New Rochelle, New York, where respondent's place of business was located, it was completely destroyed in a collision.  The automobile had, in the meantime, been registered in New Jersey as being owned by Howard's Auto. The questions presented are of law only and are based on the premise that Sheldon was no longer the owner at the time of the happening of the accident.

The policy, which set forth Sheldon's name as the insured, also included the following provisions: " Loss Payee: Any loss hereunder is payable as interest may appear to the insured and First National Bank [respondent's name at the time of the issuance of the policy]  *  *  *.  Except with respect to  *  *  *  mortgage or other encumbrance the insured is the sole owner of the automobile  *  *  *.  The purposes for which the automobile is to be used are Pleasure & Business " and " This policy applies only while the automobile  *  *  *  is owned, maintained and used for the purposes stated as applicable hereto."  As to the amount recoverable, the policy stated it was " Actual Cash Value less $50.00 ".  The parties stipulated that the liquidated damages were $1,460, thereby obviating the assess-

ment of damages directed by the order under review. The stipulated amount was carried into the judgment appealed from as the principal amount owing to respondent.

Where a policy of insurance against property loss names the owner of the property as the insured, it is his interest in the property which is insured and not that of the holder of a mortgage on the property, even though the policy states that loss is payable to the mortgagee. The mortgagee's right to receive the loss payment, under such a provision, is wholly derivative from the interest of the owner. If the owner be not personally liable on the debt underlying the mortgage, he ceases to have an insurable interest in the property upon his transfer of the property to another. Therefore, if the property be damaged subsequent to such transfer, the loss is not his and he cannot recover for that damage. Since he cannot recover for the damage, the dependent mortgagee cannot recover (*Grosvenor* v. *Atlantic Fire Ins. Co. of Brooklyn,* 17 N. Y. 391; *Moore* v. *Hanover Fire Ins. Co. of City of N. Y.,* 141 N. Y. 219, 223).

However, when possession of a chattel is taken by a mortgagee because of the insured mortgagor's failure to comply with a condition of the mortgage, but without foreclosure of the mortgagor's equity of redemption, that equity of redemption subsists and leaves in the mortgagor an insurable interest in the property. Furthermore, if the mortgagor be personally liable on the debt underlying the mortgage, that liability is an additional factor which gives him an insurable interest in the chattel. The mortgagor's insurable interest would then give a lawful basis for the derivative action by a mortgagee to whom a loss was payable under the terms of the policy (*Buffalo Steam Engine Works* v. *Sun Mut. Ins. Co.,* 17 N. Y. 401; 44 C. J. S., Insurance, § 187). A chattel mortgagor's right of redemption can be cut off only by the taking of proceedings adequate in law for that purpose (*Harrison* v. *Hall,* 239 N. Y. 51; *Kling* v. *Van Vleck,* 109 N. Y. 363, 367). In the instant case, therefore, Sheldon had an insurable interest in the automobile, at the time of the loss, because of his equity of redemption and his personal liability on the note underlying the mortgage. Accordingly, neither he nor the respondent, as mortgagee, could be barred from suing on the policy because of this aspect of the question.

The fact that the amount owed by Sheldon on the note and the mortgage may have been greater than the value of the automobile at the time of the loss, is of no consequence. The insurable interest of the owner of mortgaged property extends to the full value of the property notwithstanding that the mort-

gage is " of sufficient amount to absorb " the property (*Insurance Co.* v. *Stinson*, 103 U. S. 25, 29; 44 C. J. S., Insurance § 187, p. 883).

We are also of the opinion that the limitation of the coverage to incidents occurring "while the automobile * * * is owned, maintained and used for the purposes stated as applicable hereto ", does not stand in the way of respondent's right to recover for this loss. The use purposes set forth in the policy, to which reference has already been made, were " Pleasure & Business ". We do not read the limitation as meaning that the " Pleasure & Business " must be that of the named insured and as meaning the exclusion even of the business use of the automobile by the named mortgagee in proceeding towards satisfying the mortgage debt. Nor do we read it as excluding coverage because of the technical change of ownership under the circumstances here presented. " Policies of insurance, when capable with equal reason of one or more interpretations are construed against the insurer " (*Marcus* v. *United States Cas. Co.*, 249 N. Y. 21, 24). A technical change of ownership by virtue of a repossession of a mortgaged chattel by a mortgagee is readily distinguishable from a change of ownership by virtue of a voluntary sale of a chattel which is the subject of insurance.

The order should be affirmed, with $10 costs and disbursements, and the judgment should be affirmed, without costs.

BELDOCK, Acting P. J., UGHETTA, PETTE and BRENNAN, JJ., concur.

Order affirmed with $10 costs and disbursements, and judgment affirmed, without costs.