[Civ. No. 9533. Fourth Dist., Div. One. July 31, 1970.]

CLARENCE P. SCHEIDLE et al., Plaintiffs, Cross-defendants and Respondents, v.
DONALD P. JOERGENSEN, et al.,
Defendants, Cross-complainants and Appellants.

**140**

**COUNSEL**

Langford, Langford & Lane and J. Perry Langford for Defendants, Cross-complainants and Appellants.

No appearance for Plaintiffs, Cross-defendants and Respondents.

**OPINION**

**BROWN (Gerald), P. J.**—Clarence P. Scheidle and Phyllis Scheidle, who are husband and wife, brought this declaratory relief action against Mrs. Scheidle's brother, Donald P. Joergensen, his wife Dawn S. Joergensen

and others to determine who was entitled to $4,115.85 in fire insurance proceeds. From a judgment determining the Scheidles were entitled to half of the money and the Joergensens were entitled to the other half, the Joergensens have appealed.

At the time of trial the Joergensens represented themselves, although they had had various counsel at other stages in the proceedings and are now represented by counsel on appeal. The Scheidles were represented by an attorney at the trial, but have not filed a responding brief on appeal.

The Joergensens' counsel concedes the record is in a "state of near chaos." Actually, it is worse than that.

This case presents a highly complex situation of a parcel of real property which has been subjected to numerous ownership and security transactions, some of which were recorded and at least one of which was not. To detail all the transactions would only tend to obfuscate the issues. We will deal only with those facts which tend to shed light on the relationship of the parties material to their rights in this action.

The Joergensens owned a parcel of commercial property located in Lemon Grove. The property was encumbered by a first trust deed held by San Diego Federal Savings and Loan Association. In 1959 the Joergensens executed a note secured by a deed of trust to George E. and Ruth E. Latham. By assignment the Scheidles became holders of the Latham note and deed of trust. It was second in priority to the encumbrance held by San Diego Federal.

The real property and improvements were insured through a Lemon Grove insurance agency which placed fire insurance on the property with two insurers. Both policies contain clauses making losses payable to mortgagees. On both policies three mortgagees are named, San Diego Federal as first, the Scheidles as second and a third encumbrance not material to this appeal. The named insureds on the policies of insurance are the Joergensens. It appears statements for the premiums on the policies were sent to the Joergensens in care of the Scheidles and were paid by check by Mrs. Scheidle. It is unclear whether the Scheidles paid the premiums out of income from the property or from their own funds.

In 1963 the Scheidles attempted to exercise the power of sale under their junior trust deed. The Joergensens obtained a court order restraining the sale. The Scheidles and Joergensens then stipulated the court enter a judgment setting forth certain obligations of the parties between themselves and decreeing the trustee's sale be completed provided the Joergensens be allowed three months to redeem. The court entered judgment on the stipulation May 22, 1963. The trustee's sale was completed on July 9, 1963.

On August 10, 1963, after the trustee's sale, but during the Joergensens' redemption period, a fire caused $4,115.85 damage to the premises.

The Joergensens made some repairs to the fire damage. The Scheidles, deeming the repairs inadequate, locked the Joergensens out of the premises and completed the repairs themselves.

The insurance companies, with a typical (and well-advised) display of caution, issued their checks, each for one-half the loss, made out jointly to the Joergensens and all mortgagees listed under the mortgage clause of their policies.

■ The Scheidles brought this action in declaratory relief asking they be declared the ones entitled to the $4,115.85 insurance proceeds. The Joergensens answered and cross-complained on a common count alleging the Scheidles became indebted to the Joergensens in the sum of $4,200 for labor performed and materials furnished. Later, the Joergensens filed an amendment to their cross-complaint alleging they had a contract with the insurance companies to repair the premises for $4,115.95 and the Scheidles wrongfully interfered with that contract. A joint pretrial statement and order adds, as a contention by the Joergensens, they should be entitled to the insurance proceeds because the Scheidles ceased being mortgagees under the loss payable mortgage clause in the insurance policies when they completed the trustee's sale.

The Joergensens rely on *Reynolds* v. *London etc. Ins. Co.,* 128 Cal. 16 [60 P. 467], which held a mortgagee did not retain his standing to be paid fire insurance proceeds under a loss payable provision in the policy where the mortgagee had foreclosed his mortgage by bidding in the full amount of the debt and a fire loss occurred after the foreclosure but during the redemption period.

Whether the Joergensens had an insurable interest, based on their redemption right, is arguable but need not be decided here. The factor which distinguishes the *Reynolds* case and justifies, if not compels, the equitable result reached by the trial court here is that San Diego Federal remained a beneficiary under the first trust deed. As such, San Diego Federal remained one entitled to fire insurance proceeds under the loss payable clause in which it was named as a mortgagee.

The Scheidles introduced evidence, in the form of a letter, that San Diego Federal demanded the Scheidles repair the fire damage. (The letter is not before us because the Joergensens stipulated to a release of the exhibits. We accept an unrebutted and uncontradicted description of its contents by the Scheidles' attorney.) Since San Diego Federal had a right to the insurance

proceeds to protect it against damage to its security interest, we see no reason why those who in fact repaired the fire damage should not be subrogated to the policy rights of San Diego Federal. The trial court correctly ruled the Joergensens and the Scheidles were entitled to share the insurance proceeds as both had expended funds and labor to repair the premises and thus protected San Diego Federal's security interest.

The evidence as to the amount of money and value of labor attributable to the repairs made by the parties not only conflicted, but was highly unsatisfactory on both sides. Under these circumstances we cannot say the action of the trial court splitting the insurance proceeds equally exceeded the scope of its broad discretion.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied August 14, 1970.