HARLEM SAVINGS BANK, Appellant,

v.

STANDARD FIRE INSURANCE COMPANY, Appellee.

No. B2481.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1981.

Arlen M. Driscoll, Bracewell & Patterson, Houston, for appellant.

Osborne J. Dykes, Joseph Nistico, Jr., Fulbright & Jaworski, Thomas J. Gavranovic, Franklin, Kelly, Graham & Killough, Jim S. Adler, Adler, Hazzard & Townsend, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is a suit brought by a mortgagee against an insurer for coverage under a homeowners policy following substantial fire damage to the insured premises. Trial was to a jury, and based on answers to special issues, the lower court rendered judgment that the mortgagee take nothing as against the insurance company. We affirm.

On March 5, 1975, James Stephenson and Theo Dobbs Tillery ("Stephenson" and "Tillery") were the highest bidders at an IRS tax foreclosure sale of a home located in Friendswood, Texas. The home was insured by a standard homeowners policy issued by appellee Standard Fire Insurance Co. ("Standard"). Appellant Harlem Savings Bank ("Harlem") was listed in the policy as mortgagee, entitled to payment to the extent of its interest in the property at the time of the loss, subject to the mortgage clause in the policy.

After the previous owner of the insured premises had moved out, and while Stephenson and Tillery were in the process of cleaning up the property for resale, the residence suffered significant fire damage on the evening of July 23, 1975. Harlem brought suit by cross-action against Standard for recovery under the policy for the amount of Harlem's interest in the insured premises. Standard answered, alleging the insurance coverage was null and void as to the interest of Harlem in light of the "mortgage clause" contained in the policy.

Judgment was rendered in Standard's favor and Harlem appeals alleging four points of error. Standard brings five cross-points of error.

In its first and second points of error Harlem alleges there is no evidence, or alternatively there is insufficient evidence to support the jury's findings that Harlem's agent, First Continental Mortgage Company ("First Continental"), had knowledge of a change in ownership of the insured premises prior to the fire. In these points of error Harlem asserts the mortgage clause does not preclude its recovery. Standard argues the jury's findings are adequately supported by the evidence and that because the terms of the clause were not met by Harlem, it should not recover under the policy.

A pertinent portion of the mortgage clause contained in the policy issued by Standard provides:

> The mortgagee shall notify this Company of any change of ownership or increase of hazard which shall come to the knowledge of said mortgagee.... Failure upon the part of the mortgagee to comply with any of the foregoing obligations shall render the insurance under this policy null and void as to the interest of the mortgagee.

Harlem urges that the phrase "change of ownership" as used in the mortgage clause of the insurance policy means a complete change of *legal title* to the property, and further argues a complete change of ownership occurs only when a deed covering the property is executed, acknowledged, and delivered. More specifically, Harlem asserts the record is silent on when the deed was delivered to Stephenson and Tillery, but that it had to be after July 17, 1975, when the deed was executed and acknowledged in Austin. Additionally, Harlem states it had no "actual knowledge" of Stephenson's and Tillery's deed until after the fire when Stephenson brought their quitclaim deed to First Continental's office. Therefore, Harlem asserts, it had no knowledge of a change in ownership as contemplated in the mortgage clause and it was not obligated to *inform* Standard of Stephenson's and Tillery's ownership in the insured property in order to recover under the policy.

In considering "no evidence" points of error we must look only to that evidence which supports the jury's answers and disregard all evidence to the contrary. In reviewing "insufficient evidence" points of error, we must consider and weigh all the evidence in the record and set aside the jury's answers if they are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951) (per curiam). We hold the evidence is sufficient, under the facts existing in the instant case, to support the jury's findings that there was a change in ownership in the insured premises and that First Continental had knowledge of this change prior to the fire.

None of the authorities cited by either party are controlling in defining what constitutes a "change of ownership" as the term is used in a mortgage clause such as the one contained in the insurance policy before us in this case. In our opinion, a change of ownership, as that phrase is used in the mortgage clause at hand, may occur at a point in time before a deed has been delivered by the IRS evidencing the purchase at a tax foreclosure sale. More specifically, we hold a change of ownership under the mortgage clause at issue in this case occurred when the previous owner's 120 day redemption period passed. Under the facts in the case at bar this would mean a change of ownership for mortgage clause purposes occurred on July 3, 1975. It is only after this date the mortgagee should be required, if it has knowledge, to inform the insurance company that someone has purchased the insured property at a foreclosure sale. We therefore feel the jury was correct in deciding a change in ownership occurred prior to the July 23, 1975 fire.

Notifying the insurance company of the foreclosure sale before the 120 day period has passed, while probably good business practice, is not, we hold, required under the "change of ownership" portion of the mortgage clause. Before the 120 day period has passed it is uncertain who the ultimate owner of the insured property will be, and

requiring the mortgagee to inform the insurance company of a change of ownership that may or may not take place would result in a heavy burden on mortgagees. This would require them to check daily within the 120 day period to determine if the previous owner who was foreclosed on by the IRS had redeemed the property and thus resumed being the "owner". Holding a change in ownership occurs only after the 120 day period has passed relieves this burden. After this period, the mortgagee, if it has knowledge of the tax sale, can determine with certainty the true owner of the premises and then inform the insurance company of any change. We do not feel this unduly burdens the mortgagee.

The evidence is also clear that First Continental had *knowledge* of the change in ownership in the insured premises. The record indicates Stephenson notified First Continental by letter of March 6, 1975, that he and Theo Tillery had purchased the property in question at an IRS foreclosure sale the day before. In the letter Stephenson brought up the question of insurance on the property, and asked to be named beneficiary in the policy. The letter also indicates a conversation between Stephenson and First Continental had taken place prior to the day of the IRS sale. The record further shows on June 13, 1975, Travis Jacobs, a loan service supervisor for First Continental, made a notation in his file that Stephenson had bought the property in question at an IRS auction. Additionally, on July 2, 1975, Jacobs made a notation on one of the work cards in First Continental's file that Stephenson had bought the property without checking liens and judgments. This evidence is clearly sufficient to support the jury's findings that First Continental had "knowledge" of the change in ownership. Harlem's points of error one and two are overruled.

In points of error three and four Harlem asserts there is no evidence, or alternatively there is insufficient evidence, that First Continental failed to notify Standard Fire of the change of ownership of the residence within a reasonable time.

■ Reasonable time for giving notice to an insurer by an insured depends on individual facts and circumstances of each particular case. *Continental Casualty Company v. King*, 423 S.W.2d 395, 399 (Tex.Civ. App.—Amarillo 1967, writ ref'd n. r. e.). Harlem contends First Continental acted reasonably in waiting for a copy of the deed from the IRS prior to notifying Standard Fire of the change in ownership. Harlem cites the "confused" nature of the circumstances in the support of this assertion, and states First Continental had a policy it would make no changes with regard to ownership and not act in that regard until such time as it had received a copy of the deed purporting to transfer ownership.

■ We hold the evidence is sufficient to support the jury's findings that First Continental failed to notify Standard Fire of the change in ownership of the residence within a reasonable time.

As set out above, we are of the opinion that after the 120 day redemption period the mortgagee has the ability to determine who the actual owner of the property is, and it is the mortgagee's responsibility after the 120 day period to make inquiry to determine the true owner and notify the insurance company of any owner change. It was not proper for First Continental to sit back with the knowledge it had and do nothing about informing the insurance company of the change in ownership in the property simply because a deed had not been delivered to it. Under the facts, First Continental could have investigated the matter and determined if the previous owner had redeemed the property within the redemption period, and if not, First Continental should have notified Standard Fire of Stephenson's and Tillery's purchase of the property at the foreclosure sale. To wait for a copy of the deed to be delivered to it before contacting Standard Fire under the circumstances existing in this case, was unreasonable and the jury was correct in so finding. Harlem's points of error three and four are overruled.

In light of our holdings above, we do not address appellee's cross-points of error.

Judgment affirmed.