**ST. PAUL FIRE & MARINE INSURANCE COMPANY,
Appellant,**

**v.**

**Dallas DAUGHTRY, Appellee.**

No. 04–84–00295–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 16, 1985.

Rehearing Denied Nov. 18, 1985.

Thomas H. Crofts, Jr., Sharon E. Calla-way, Groce, Locke & Hebdon, San Antonio, for appellant.

Bruce Robertson, Jr., San Antonio, for appellee.

Before REEVES, TIJERINA and SHARPE,* JJ.

## OPINION

REEVES, Justice.

This is an appeal from a judgment, based on a jury verdict, granting recovery on a fire insurance policy for the loss of a house.

The house in question was situated on acreage owned by Morton Southwest, a land developer. Morton Southwest had other plans for the acreage and wanted the house removed. Matt Martinez, vice president of Morton Southwest, offered the house to a house mover named Jim Dye, provided he could remove it by December 31, 1982. Martinez also gave appellee a letter which permitted him to move the house after January 1, 1983, in the event that Dye failed to exercise his option. Before Dye's option expired, on December 17, 1982, appellee applied for a "builder's risk" policy on the house, and appellant's agent issued a binder on the policy. A fire of unknown origin destroyed the house on December 21, 1982, and the appellant refused to pay the proceeds of the policy on the grounds that appellee did not have an insurable interest in the property.

In its first two points of error, appellant asserts (1) that the evidence is legally and factually insufficient to support the jury findings, and (2) that the court should have

---

\* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

granted its motion to modify the judgment because appellee had, as a matter of law, no insurable interest in the house.

The standard of review for a legal sufficiency question was established in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). We apply this standard and we will consider only the probative evidence and inferences that may properly be drawn therefrom which support the judgment.

The facts which support the jury's findings in this case may be summarized as follows: Appellee was in the business of moving houses; he owned lots onto which he planned to move houses; he made a few investigative trips to the property to estimate the value of the house and the cost of moving it; he obtained permission to move it if Dye chose not to do so; he agreed to remove the foundation and debris; he insured the house; the house burned down.

■ The primary issue on appeal is whether appellee had an insurable interest in the property. The Texas Supreme Court has held that neither legal nor equitable title to property is required to establish an insurable interest. *Smith v. Eagle Star Insurance Co.*, 370 S.W.2d 448 (Tex.1963). What is required, however, is that the insured either derive a pecuniary benefit from the continued existence of the property or suffer a pecuniary loss from its destruction. *Id.*

In *Smith*, the court held that the insured had an insurable interest in the house that burned because she suffered a pecuniary loss because of the destruction, even though the house was situated on land owned by the State. The court reasoned that since Smith had enjoyed the "undisturbed use of the house long prior to and at the time the policy was written, and at the time the loss occurred," the fire caused Smith a loss of such use. Unlike Smith, appellee had never come into possession, and had no prior period of use on which to base a claim of pecuniary loss. Smith had made a sizeable investment in the property. Appellee had paid nothing for the house, for permits to move it, for the services of

those who assisted in its evaluation, or for the insurance.

Because appellee failed to produce evidence that he had ever possessed the house, that he had ever had any use of the house, or that he had expended any funds, labor, or any substantial amount of time preparing to move the house, we hold that he sustained no loss as a result of the destruction of the house.

We must next decide whether appellee would derive a pecuniary benefit from the continued existence of the house. To determine that, we must first examine the nature of appellee's interest in the property. Appellee claims no right to possession at the time of the fire on December 21, 1982. His only right to the property is derived from a letter of permission to move the house after January 1, 1983. The letter, signed only by Martinez on behalf of Morton Southwest, obligates appellee to remove the foundation and debris if and when appellee moved the house; it does not obligate appellee to move the house. Appellee paid nothing for the letter of permission which was revocable and was contingent upon Dye's not exercising his prior option to move the house.

Although the *Smith* court stated that a person who would derive a pecuniary benefit from the continued existence of the insured property has an insurable interest in it, that case was decided on the premise that a person who sustains a loss from the destruction of property has an insurable interest in it. Because the court held Smith's loss, not her benefit, was the basis of the decision, *Smith* is not pertinent to the discussion of whether appellee would derive a pecuniary benefit from the continued existence of the property.

■ No Texas court has yet determined whether a person would derive a pecuniary benefit from the continued existence of property to which someone else has a superior right of possession. The following cases from other jurisdictions have held that there is no insurable interest in such a situation: *Hane v. Hallock Farmers Mutual Insurance Co.*, 258 N.W.2d 779 (Minn.

1977) (A non-binding option to repurchase property did not create an insurable interest.); *Allstate Insurance Co. v. Thompson*, 164 Ga.App. 508, 297 S.E.2d 520, 522 (1982) (An ex-husband's option to repurchase ex-wife's one-half interest in a house did not create an insurable interest, the court holding, "An option to purchase land does not, before acceptance, vest in the holder of the option any interest, legal or equitable, in the land itself."); *Christ Gospel Temple v. Liberty Mutual Insurance Co.*, 273 Pa.Super. 302, 417 A.2d 660, 663 (1979) (The insured's only legal interest in the property was an option to repurchase in the event that the property was used for purposes other than church services. The court held that the insured "had a mere possibility of the expectancy that it might exercise its option to repurchase upon the happening of a contingency," and "this does not amount to an insurable interest.").

Because appellee suffered no pecuniary loss from the destruction of the property, and because he would derive no pecuniary benefit from the continued existence of the house until Dye's option period expired, we hold that appellee had, as a matter of law, no insurable interest.

In view of our holding that appellee has, as a matter of law, no insurable interest, it is unnecessary to reach appellant's other points of error.

We reverse and render judgment that appellee take nothing.

TIJERINA, Justice, dissenting.

I respectfully dissent.

The central issue in this case is whether appellee had an insurable interest in the destroyed property. The record evidence favorable to the jury finding of an insurable interest established that: (1) the subject property had commercial value, and Morton Southwest needed to have the house moved as the site was to be developed as a regional shopping center; (2) the agreement between the parties required appellee to move the house at his expense, remove the foundation, and clean the site of all debris; thus, there was consideration

because Morton Southwest would have obtained the benefit of having the site intended for development cleaned at no expense; (3) the tenant was given the first option to move the house but could not get the necessary financing; (4) Jim Dye was then given a limited option to remove the house between December 17, 1982 and December 31, 1982; (5) appellee was given written permission on December 15, 1982 that he could have the house and move it out after January 1, 1983, in the event that Jim Dye failed to exercise his option; (6) the vice-president of Morton Southwest told appellee that it looked as if Dye was not going to do anything and implied that the option given to Dye might be revoked; (7) appellee had previously purchased some lots and his plans were to move the subject house onto one of these lots and convert it into a duplex as rental property; (8) appellee had visited the site with a house mover to estimate the cost of moving the house; and (9) he applied for insurance on the subject property two days after he received the written permission and was given a binder on the policy.

There is clearly some evidence to support the jury finding of an insurable interest. Where there is some evidence which contradicts the assertion, the matter is not established conclusively. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). Therefore, the legal sufficiency question and the assertion that the issue was established as a matter of law are without merit.

Generally, there is factual insufficiency when the only evidence supporting the vital fact finding is factually too weak to support it, or the finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L.REV. 361, 366 (1960). In determining sufficiency of the evidence, it is necessary to consider and weigh all the evidence; the judgment must be set aside if the finding is clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Appellant argues that any benefit or loss claimed by appellee was contingent and too speculative to constitute an insurable interest. This argument is predicated on the allegation that there was no consideration for the written permission given to appellee, but the trial court did not decide the critical question of whether the evidence did or did not establish appellee's insurable interest as a matter of law. This issue was disputed and the court submitted it as a fact question to be determined by the jury. The jury was instructed as follows, viz:

You are instructed that anyone may have an insurable interest in property if he would derive a benefit from its continued existence or would suffer a loss from its destruction. An insurable interest in property does not necessarily imply a property interest in, or a lien or mortgage upon, or possession of the property covered by the insurance policy, and neither the title nor beneficial interest is a requisite to the existence of such an interest.

The jury, having considered the testimony that Dye had done nothing to exercise his option, could have determined that appellee's insurable interest was substantial.

Both sides cite *Smith v. Eagle Star Insurance Co.*, 370 S.W.2d 448 (Tex.1963), as the leading Texas case on insurable interest. In this case, Mrs. Smith had resided in a farm house located on state owned land and had obtained a fire insurance policy prior to its destruction by fire. The court held that Mrs. Smith had an insurable interest, as a matter of law, notwithstanding that she did not have a legal or equitable interest in the property. The Supreme Court stated:

[A]n insurable interest exists when the assured derives pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain pecuniary loss from its destruction.

*Id.* at 450.

Appellant's contention that there was no evidence that Dye would not have taken the house was contradicted by evidence of Dye's inactivity, including his failure to apply for a permit to move the house. Conversely, there was some evidence of appellee's direct involvement with the property to justify the jury's conclusion that he would derive a benefit from the continued existence of the property or would sustain a loss by its destruction. Having considered all relevant evidence in the record, I have concluded that the evidence is factually sufficient to support the jury finding and the judgment. The jury finding is not so against the great weight and preponderance of the evidence as to render the judgment clearly wrong or unjust.

In the last assignment of error appellant contends that the trial court erred by denying the motion for a new trial because the jury instruction concerning insurable interest was defective and prejudicially incomplete. The trial court has absolute discretion to grant or deny a new trial. An appellate court cannot disturb the trial court's ruling in granting or denying a new trial except on a showing of abuse of discretion. *See Napier v. Napier*, 555 S.W.2d 186, 189 (Tex.Civ.App.—El Paso 1977, no writ).

Appellant does not argue abuse of discretion in attacking the court's failure to grant a new trial. Appellant's submitted issue merely sought an addition to the court's definition of insurable interest, but conceded that the instruction contained a correct statement of the law. The court has the discretion to submit broad or narrow issues to the jury, and absent a showing of the denial of rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case, there is no abuse of discretion. *Members Mutual Insurance Co. v. Muckelroy*, 523 S.W.2d 77, 83 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); TEX.R.CIV.P. 277. The validity of an objection to any portion of a charge requires an examination of the charge in its entirety. *Briseno v. Martin*, 561 S.W.2d 794, 796 (Tex.1977). Having examined the entire charge, I find no reversible error.

Accordingly, I would affirm the judgment of the trial court.