Ross C. WATTS and Great Northwest Pacific Corporation, Appellants,

v.

ST. KATHERINE INSURANCE COMPANY and General Agents Insurance Company of America, Inc., Appellees.

No. 09-91-123 CV.

Court of Appeals of Texas, Beaumont.

Dec. 19, 1991.

Rehearing Denied Jan. 9, 1992.

Jack Fisher, Bal V. Kale, Fisher & Kale, Beaumont, for appellants.

David B. Gaultney, Elizabeth B. Pratt, Mehaffy & Weber, Beaumont, Marshall Campbell, Richard A. Schwartz & Assoc., Houston, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a summary judgment appeal. Great Northwest Pacific Corporation ("Great Northwest") owned an apartment building in Beaumont, Texas. Jefferson County and Beaumont Independent School District obtained a judgment in a tax suit. Ross C. Watts purchased the property and obtained separate insurance policies on the building through St. Katherine Insurance Company ("St. Katherine") and General Agents Insurance Company of America, Inc. ("General Agents"). Great Northwest retained a vendor's lien on the property. Jefferson County and Beaumont Independent School District bought in the property at a sheriff's sale on February 6, 1990. The property was damaged in a fire three days later. There is no evidence that the county or the school district initiated any action to obtain actual possession of the property before the fire occurred. The insurance companies denied liability and filed separate suits for declaratory judgment which were consolidated into the action before us.

St. Katherine and General Agents filed motions for summary judgment against Watts and Great Northwest, claiming that they did not have an insurable interest in the property because (1) after the Sheriff's sale appellants had nothing more than a right of redemption in the property, and (2)

there was a change in ownership and an increased hazard to the property, which are conditions which suspend or restrict coverage under the policy. The trial court granted summary judgment. Appellants complain of the summary judgment in seven points of error.

Point of error three avers the trial court erred in holding that as a matter of law appellants had no insurable interest in the insured property at the time of the loss. At the time of the loss, Watts had a right of redemption in the property. Tex.Tax Code Ann. § 34.21 (Vernon 1982 and Supp. 1991). The issue is whether that right is sufficient to constitute an insurable interest in the property. The 1989 amendment to section 34.21 provides: "The right of redemption does not grant or reserve in the former owner of the real property the right to the use or possession of the property, or to receive rents, income, or other benefits from the property while the right of redemption exists." Appellees argue that without a right to receive any benefit from the property, appellants could not suffer a loss. We disagree. The general rule, as stated by the supreme court, is " 'that an insurable interest exists when the assured derives pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain pecuniary loss from its destruction' ", *Smith v. Eagle Star Insurance Co.*, 370 S.W.2d 448, 450 (Tex.1963). The *Smith* court cited with approval language in 29 Am.Jur. *Insurance* § 438, which states that an insurable interest does not necessarily imply title or a beneficial interest, nor a property interest, nor lien upon, nor possession of the subject matter. Although the right of redemption is not a possessory right, it is an interest in the property the value of which is affected by destruction of the property.

Appellees rely upon *St. Paul Fire & Marine Ins. Co. v. Daughtry*, 699 S.W.2d 321 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). In that case, the San Antonio court ruled that the insured, whose right to the property was subject to a superior option held by another, would derive no benefit from the property until the option period

expired. Since the insured produced no evidence of time or money expended upon the property, no pecuniary loss was shown. We find that in jurisdictions where the debtor enjoys a post-foreclosure right to redemption, the cases applying the *Smith* standard for determining whether there is an insurable interest generally hold that an insurable interest exists during the redemption period. *See generally, Crowell v. Delafield Farmers Mut. Fire Ins. Co.,* 463 N.W.2d 737 (Minn.1990); *Carr v. Union Mut. Ins. Co.,* 598 P.2d 269 (Okla.Ct. App.1979); *City of Chicago v. Maynur,* 28 Ill.App.3d 751, 329 N.E.2d 312 (1975); *Chrysler Credit Corp. v. State Farm Mut. Auto Ins. Co.,* 263 S.C. 70, 207 S.E.2d 806 (1974); *Pattison v. State Farm Fire & Cas. Co.,* 209 Kan. 167, 495 P.2d 975 (1972); *Fenter v. General Acc. Fire & Life Assur. Corp.,* 258 Or. 545, 484 P.2d 310 (1971); *Scheidle v. Joergensen,* 10 Cal.App.3d 139, 88 Cal.Rptr. 723 (1970); *First Westchester Nat. Bank v. New England Ins. Co.,* 11 A.D.2d 192, 204 N.Y.S.2d 754 (1960); *Fulwiler v. Traders & General Insurance Co.,* 59 N.M. 366, 285 P.2d 140 (1955). These cases offer diverse circumstances, but commonly hold that little is required to present an interest in property which is capable of being insured. The summary judgment cannot be sustained on the ground that, as a matter of law, the sheriff's sale precluded appellant's from having an insurable interest in the property. This is a question which is properly submitted to the finder of fact. Point of error three is sustained.

■ Point of error five complains the trial court erred in holding that, as a matter of law, the sheriff's sale was an increased hazard. Appellees claim appellants have an interest in the destruction of the property. The final judgment in the tax suit states that the fair market value of the property is $103,290. The deed recites that the sheriff struck off the property for a "$21,277 credit to the margin of loc minutes". The total amount of insurance was $150,000. Appellees claim that appellants lacked an interest in the continued preservation of the property and had an interest in the destruction of the property because

the insurance proceeds could be used to redeem the property. This is analogous to saying that a person cannot have an insurable interest in his life because he is "worth more dead than alive." Appellees claim that a tax sale is an increased hazard *as a matter of law.* Their argument presupposes that an insured will commit a first degree felony in the event of a tax sale. If the insured deliberately set fire to the property in a scheme to collect insurance proceeds and use those proceeds to redeem the property, the insurer could deny coverage based on the conduct of the insured. In this case, appellees have not alleged that the insured caused the property loss.

Appellees contend that the tax sale diminished appellants' motive to protect the property because they lost the right to possess the property and receive the income from it. Watts certainly possesses less than he did before the sheriff's sale, but that does not as a matter of law eliminate his motive to protect the property. He retains a financial investment in the property and a present right of redemption. The summary judgment is not supportable on the grounds that the sheriff's sale created an increased hazard as a matter of law. Point of error five is sustained.

■ Point of error six urges the trial court erred in holding that appellants had a duty to notify the insurers of change of ownership. The insurance companies claimed that the sheriff's sale was a change in ownership which triggered the notification clause contained in both policies. The change of ownership for the purpose of triggering the contract clause occurs when the previous owner's redemption period expires. *Harlem Sav. Bank v. Standard Fire Ins. Co.,* 612 S.W.2d 710 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). As we have already stated, the change was not of such a nature that, as a matter of law, the motive and opportunity to protect the property was diminished. The summary judgment may not be upheld on the ground that the tax sale was such a change of ownership that the policy was

voided as a matter of law. Point of error six is sustained.

Appellants have successfully challenged each of the grounds raised by St. Katherine and General Agents in support of their *motions for summary judgment.* The remaining points of error challenge implied holdings of the trial court. We hold that the trial court erred in granting summary judgment and reverse the judgment without deciding appellants' remaining points of error.

REVERSED AND REMANDED.