William T. & Elaine JONES, Appellants,

v.

TEXAS PACIFIC INDEMNITY
COMPANY, Appellee.

No. 05–92–01022–CV.

Court of Appeals of Texas,
Dallas.

April 26, 1993.

---

Richard L. Arnold, Art Stone, Dallas, for appellants.

Russell W. Schell, Schell, Nicholas, Thompson, Beene & Vaughan, L.L.P. Gregory Allan Scott, Schell, Nicholas, Thompson, Beene & Vaughan, L.L.P., Dallas, for the State.

Before THOMAS, MALONEY and CHAPMAN, JJ.

## OPINION ON MOTION FOR REHEARING

MALONEY, Justice.

We overrule Respondents' motion for rehearing. We withdraw this Court's opinion of February 1, 1993, and substitute the following in its place.

This is a summary judgment case. The Joneses sued Texas Pacific Indemnity Company on an insurance policy. The trial court granted Texas Pacific's motion for summary judgment. In four points of error, the Joneses contend that the trial court erred in granting summary judgment because: 1) they could recover insurance proceeds whether or not they had title to the property; 2) they had an insurable interest in the dwelling; 3) fact issues existed on whether they had an insurable interest in the dwelling; and 4) Texas Pacific was estopped from denying payment. We affirm the trial court's judgment.

### STATEMENT OF FACTS

The Joneses owned their home subject to Henry and Diana Martin's mortgage interest. They insured their home with Texas Pacific. The policy listed the Joneses as the "Named Insureds" and the Martins as "Mortgagee[s]." When the Joneses defaulted on their mortgage payments, the mortgagees foreclosed. The Joneses remained in the home as tenants at sufferance. Eleven days after foreclosure, the home burned.

Texas Pacific paid the Joneses the policy limits under their homeowner's policy for content loss and additional living expenses. It reimbursed the Martins for the dwelling's damage.[1] The Joneses sued on the policy to collect for the structural damage to the home.

Texas Pacific moved for summary judgment. It claimed that, because the Joneses were not the owners, they could not recover for structural damages under the policy.

The Joneses moved for partial summary judgment on liability under the policy. They contended that, although they no longer owned the property, they still had an insurable interest and were entitled to the insurance proceeds for damage to the structure. The trial court granted Texas Pacific's motion for summary judgment and denied the Joneses' motion for summary judgment.

### SUMMARY JUDGMENT

In their first point of error, the Joneses argue that the trial court erroneously granted Texas Pacific's motion for summary judgment. They contend the trial court granted Texas Pacific's motion because the Joneses no longer held title to the dwelling. The Joneses maintain that title is not necessary to show an insurable interest in the dwelling. In their second point of error, the Joneses contend that the trial court erroneously denied their motion for partial summary judgment because they had an insurable interest in the property and were entitled to recover for the dwelling's structural damage.

Texas Pacific argues that the Joneses confuse insurable interest with right to indemnification. It maintains that to recover under the dwelling coverage, the Joneses must suffer some actual loss in property "over which they have some ownership rights." Because the foreclosure divested the Joneses of right, title, and interest in the property, Texas Pacific claims the Joneses cannot show any loss.

#### 1. Standard of Review

■ When we review a trial court's granting of summary judgment, we apply the standards mandated by the Texas Supreme Court. They are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

---

1. At oral argument, Texas Pacific claimed to have paid the dwelling's total value to the Martins. The Joneses did not contest Texas Pacific's assertion. We note the trial court granted the Martins' motion for partial summary judgment "entitl[ing them] to recover from Defendant Texas Pacific Indemnity Company for damage to the dwelling." The trial court later dismissed the Martins' claim with prejudice because it "ha[d] been fully compromised and settled."

2. In deciding whether a disputed material fact issue exists, we accept as true evidence favorable to the non-movant.

3. We indulge every reasonable inference and resolve any doubts in the non-movant's favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

### 2. Applicable Law

■ The summary judgment rule provides a method of summarily ending a case that involves a question of law and no material fact issues. TEX.R.CIV.P. 166a(c). It is not meant to deprive a party of its day in court. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); *Ross v. Texas One Partnership,* 796 S.W.2d 206, 209 (Tex.App.—Dallas 1990), *writ denied per curiam,* 806 S.W.2d 222 (Tex.1991).

■ The summary judgment rule eliminates patently unmeritorious claims or untenable defenses. *Gulbenkian,* 151 Tex. at 416, 252 S.W.2d at 931. A defendant who moves for summary judgment must show as a matter of law that the plaintiff has no cause of action against him. *Citizens First Nat'l Bank v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex.1976). Once the defendant establishes that a plaintiff cannot prevail as a matter of law, the burden shifts to the plaintiff to respond to the defendant's motion. *See Nicholson v. Memorial Hosp. Sys.,* 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). As non-movant, the plaintiff must raise any existing affirmative defense he may have against the defendant's motion. *Id.* The plaintiff must raise, by competent summary judgment evidence, a material fact issue on each element of that affirmative defense. *Adams v. Tri–Continental Leasing Corp.,* 713 S.W.2d 152, 153 (Tex.App.—Dallas 1986, no writ).

### INSURABLE INTEREST

#### 1. Applicable Law

■ A party must have an insurable interest in the insured property to recover under an insurance policy. It is not necessary that the party own the property to have an insurable interest. "[A]n insurable interest exists when the [insured] derives pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain pecuniary loss from its destruction." *Smith v. Eagle Star Ins. Co.,* 370 S.W.2d 448, 450 (Tex. 1963); *St. Paul Fire & Marine Ins. Co. v. Daughtry,* 699 S.W.2d 321, 322–23 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). If a claimant cannot suffer any pecuniary loss or derive any benefit from the property, he has no insurable interest. *Accord Reynolds v. Allstate Ins. Co.,* 629 F.2d 1111, 1114 (5th Cir.1980) (applying Texas law, the Fifth Circuit reasoned that a mortgagor's insurable interest was not extinguished *because* the attempted foreclosure was void).

■ The claimant has the burden of proving an insurable interest. *See Monarch Fire Ins. Co. v. Redmon,* 109 S.W.2d 177, 178 (Tex.Civ.App.—Dallas 1937, no writ). Whether the parties had an insurable interest in the property is a question of law, not fact. *See, e.g., Eagle Star,* 370 S.W.2d at 449–50; *but see Watts v. St. Katherine Ins. Co.,* 820 S.W.2d 259, 261 (Tex.App.—Beaumont 1991, writ denied).

#### 2. Application of Law to Facts

Appellants rely on *Standard National Insurance Co. v. Bayless,* 338 S.W.2d 313 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.), and *Watts,* 820 S.W.2d at 261, as authority that a "tenant has an insurable interest in property that is the subject of the tenancy." Appellants misplace their reliance.

We distinguish *Bayless* on its facts. Bayless had a quitclaim deed to the property, which recited as consideration that "[Bayless] agrees to reside as our tenant upon [the property] for and during ... five (5) years[,] ... otherwise this conveyance [is] to become null and void." *Bayless,* 338 S.W.2d at 316. Bayless's tenancy was a condition precedent to the title's vesting. Additionally, he had to replace the building to occupy the premises, "so that he might mature his title to the 20 acres." *Id.* at 317.

Under the Jones–Martin deed of trust, the Joneses became tenants at sufferance after the foreclosure. As tenants at sufferance, the Joneses were subject to immediate eviction. They had no future legal interest in the dwelling, and diminished motive and opportunity to protect the property.[2] The Joneses did not suffer any pecuniary loss in the dwelling *from the fire* or receive any benefit from the dwelling. They had no insurable interest in the dwelling.

The *Watts* court reversed the trial court's granting of summary judgment. It held that a genuine question of fact existed on whether the owner's right of redemption created an insurable interest in an apartment building sold at a tax sale. *Watts,* 820 S.W.2d at 261. We decline to extend the *Watts* court's reasoning to mortgage foreclosures.

The trial court correctly granted Texas Pacific's motion for summary judgment. It did not err in applying the law. We overrule appellants' points of error one and two.

## ISSUE OF FACT

In point of error number three, the Joneses argue in the alternative that the trial court erroneously granted Texas Pacific's summary judgment because a genuine issue of material fact exists—whether the Joneses had an insurable interest in the dwelling. The existence of an insurable interest is *the* legal conclusion. The underlying facts leading to that conclusion were not disputed. Therefore, we hold that no material question of fact existed. Whether a party has an insurable interest is a question of law, not a question of fact.[3]

We overrule appellants' point of error number three.

## ESTOPPEL

In their fourth point of error, the Joneses argue that Texas Pacific was estopped from refusing to pay for structural damage. They alleged that, because Texas Pa-

cific paid their additional living expenses under the dwelling coverage's extended benefits, it is estopped from refusing to pay the Joneses for the dwelling's structural damage. They maintain that Texas Pacific cannot assert inconsistent positions. They also contend, in the last sentence of their argument, that material fact questions exist on estoppel.

The Joneses explained that the insurance policy contained two types of property coverage: the dwelling under Coverage A, and unscheduled personal property or contents under Coverage B. An extension to Coverage A provided benefits of up to twenty percent of the dwelling coverage for additional living expenses.

Texas Pacific counters that the Joneses did not raise estoppel at the trial level. It claims that the Joneses now raise a legal or factual insufficiency argument—that Texas Pacific intentionally relinquished a known right to deny coverage—which they also failed to raise at the trial level. The Joneses alleged the affirmative defense of estoppel in their supplemental response to Texas Pacific's motion for summary judgment.

### 1. Applicable Law

Appellants must affirmatively plead estoppel. Tex.R.Civ.P. 94; *Southline Equip. v. National Marine Serv., Inc.,* 598 S.W.2d 340, 342 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Alleging an affirmative defense does not prevent the trial court's granting a motion for summary judgment. *See Nicholson,* 722 S.W.2d at 749. The non-movants must present competent summary judgment evidence which raises a material fact issue on each element of that affirmative defense. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Donaldson v. Lake Vista Community Improvement Ass'n,* 718 S.W.2d 815, 817 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). To establish estoppel, appellants must show:

(1) a false representation or concealment of material facts,

---

**2.** *Cf. Watts,* 820 S.W.2d at 261.

**3.** *See supra* for discussion of undisputed facts and application of law.

(2) made with knowledge, actual or constructive, of those facts,

(3) with the intention that it should be acted on,

(4) to a party without knowledge, or the means of [obtaining] knowledge of those facts,

(5) who detrimentally relied on the misrepresentation.

*Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex.1991); *Gulbenkian*, 151 Tex. at 418, 252 S.W.2d at 932.

■■■ The rules require parties to discuss the facts and the authorities upon which they rely to maintain their points of error. TEX.R.APP.P. 74(f). Mere assertions of error, without argument or authority, waive error. *See Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 607 (Tex.App.—Dallas 1990, no writ); *Essex Crane Rental Corp. v. Striland Constr. Co.*, 753 S.W.2d 751, 756 (Tex.App.—Dallas 1988, writ denied).

#### 2. Application of Law to Facts

In the Joneses' supplemental response to the motion for summary judgment, they alleged that because Texas Pacific paid their living expenses, it waived its right to deny, or was estopped from denying, their insurable interest in the dwelling. The Joneses offered no additional summary judgment evidence with this response.[4] Their responsive pleading directed the trial court only to its request for admissions number 6.

The transcript shows that the request for admissions number 6 asked: "Admit that you prepared the sworn statement and proof of loss attached hereto as Exhibit A on the form bearing Chubb Group logo. Response: Admit." The record contains no exhibit A attached to the admissions.

The only summary judgment evidence the Joneses presented to the trial court was in support of their own Motion For Partial Summary Judgment: a Warranty Deed with Vendor's Lien from the Martins to the Joneses, the Deed of Trust, Substitute Trustee's Deed, an Agreed Order Modifying Automatic Stay, the Homeowners Poli-

cy, Mr. Jones's affidavit, and a substitute Trustee's Deed. None of these attachments addressed any insurance payments made by Texas Pacific or any circumstances surrounding insurance payments.

 Appellants produced no competent summary judgment evidence to establish the affirmative defense of estoppel. The summary judgment evidence did not raise a fact issue on the elements of estoppel. Nor did the Joneses cite any authority or argue its application to the facts. By not citing authority or arguing the facts, they waived any error. We overrule the Joneses' point of error number four.

We affirm the trial court's judgment.

---

**4.** Nor does any other summary judgment evidence address the elements of estoppel.